# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 7765 | **DATE** | 12/2/2011 |
| **CASE TITLE** | Childs vs. Dominick's Retail Stores #1124 | | |

**DOCKET ENTRY TEXT**

For the reasons stated, the Court grants Childs' Motion to Proceed *In Forma Pauperis* [5] and for Appointment of Counsel [3]. The Court directs Childs to file with the Court her right-to-sue-letter from the EEOC, received on August 18, 2011, within 14 days of this Order otherwise her claim will be considered time-barred and dismissed.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

    Plaintiff Debra Childs ("Childs") moves to proceed *in forma pauperis* without the full prepayment of filing fees and for appointment of counsel. Childs' Complaint alleges employment discrimination by her former employer, Defendant Dominick's Retail Stores #1124 ("Dominick's"), in violation of the Age Discrimination in Employment Act, and Title VII of the Civil Rights Act of 1964. Childs had been employed by Dominick's since 1998 in the Deli Department, and alleges that she was discharged for tardiness while younger and non-black employees whose attendance was worse than hers were retained.

    Pursuant to 28 U.S.C. § 1915(a), the Court may authorize Childs to proceed *in forma pauperis* if she is unable to pay the mandated court fees. Childs need not be penniless to proceed *in forma pauperis* under § 1915(a)(1). *See Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980). Instead, she is eligible to proceed *in forma pauperis* if payment of the filing fee will prevent her from providing for life's necessities. *See id.* According to her financial affidavit, Childs is unemployed and her only source of income is $658 per month in unemployment benefits. Childs lives alone, owns no financial instruments, automobile, real estate or other property. Based on these facts, Childs' financial affidavit sets forth her inability to pay the mandated court fees. The Court therefore grants Childs' Motion to Proceed *In Forma Pauperis*.

    Section 1915 requires the Court to review the claims of a plaintiff who seeks to proceed *in forma pauperis* and dismiss the action if it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if the plaintiff seeks damages from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see also Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003). Here, Childs is a 54-year-old black woman who alleges that her employer, Dominick's, discriminated against her based on her age and race when she was written up and suspended for tardiness while non-black employees were not suspended for their tardiness. He request to adjust her schedule was denied, and she was discharged for her tardiness while younger and non-black employees whose attendance was worse than hers were retained. Childs also alleges in her motion for appointment of counsel that she had never previously had a problem with her employer until "we got this white lady and some younger girl in the deli then P.J. and Mike [started] picking on me" and that "Mike would not let any black worker in the deli fix his sandwich." (Doc. 3,

| STATEMENT |
|---|

page 4). Childs' Complaint does not explain whether P.J. and Mike were her supervisors, but Childs' Complaint provides Dominick's with adequate notice of the charges, and does not appear frivolous or otherwise meritless.

However, it is not clear that Childs' Complaint is properly before the Court. Childs filed her charge of discrimination with the Illinois Department of Human Rights (and cross-filed with the EEOC) on July 6, 2009, and attached a copy to her Complaint [1]. Childs states that she also filed a charge with the Illinois Department of Human Rights on September 10, 2009. Although Childs states in her motion for appointment of counsel that she received a Notice of Right to Sue from the EEOC on August 18, 2011, she has failed to attach a copy. Assuming the information Childs has provided is correct, her Complaint filed with the Court on November 1, 2011, is timely within the required 90 days since she received the right-to-sue-letter, but the Court is unable to verify whether she did in fact receive the letter, which is critical due to what appears to be a long delay between the filing of the charge and the receipt of the letter. See 42 U.S.C. § 2000e-5(f)(1); *Dandy v. United Parcel Serv.*, 388 F.3d 263, 270 (7th Cir. 2004) (claims not filed within 90 days following receipt of right-to-sue letters are "not properly before" the court). A complaint may be deficient and subject to dismissal if the plaintiff lacks a right-to-sue letter, but the receipt of that letter by the Court can cure the deficiency in the original complaint. *Worth v. Tyer*, 276 F.3d 249, 259 (7th Cir. Ill. 2001). A plaintiff's motion to proceed *in forma pauperis* pauses the 90 days period while a court considers whether to grant or deny the motion. *William-Guice v. Bd. of Educ. of the City of Chicago*, 45 F.3d 161, 162 (7th Cir. 1995); *see also Luevano v. Wal-Mart Stores, Inc.*, 2011 U.S. Dist. LEXIS 30693, 5-6 (N.D. Ill. Mar. 24, 2011) (accord). Consequently, Childs's Complaint will be considered time-barred and dismissed if she does not present the right-to-sue-letter to the Court within 14 days of this Order.

Childs has also filed a motion for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1). Civil litigants in federal court do not have a constitutional or statutory right to counsel. *See Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Whether to appoint counsel for a civil litigant is a matter left to the district court's discretion. *See Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). The Court considers whether Childs has made attempts to secure counsel herself, which she has, and then examines "the difficulty of the plaintiff's claims and the plaintiff's competence to litigate those claims herself." *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007). The Court notes that Childs alleges that she sought counsel from the Chicago Lawyers' Committee for Civil Rights but that she lacks funds to pay an attorney. As such, the Court appoints counsel.

For the reasons stated, the Court grants Childs' Motion to Proceed *In Forma Pauperis* and for Appointment of Counsel. The Court directs Childs to file with the Court her right-to-sue-letter from the EEOC, received on August 18, 2011, within 14 days of this Order otherwise her claim will be considered time-barred and dismissed.